Zimmerman, J.,
 

 dissenting. When the jury in this case specifically found, in response to defendant’s in
 
 *286
 
 terrogatory, that McNees’ death was attributable to the mental strain and excitement incident to the driving conditions which confronted him as he drove the trolley bus on the night of January 17, 1944, such finding was inconsistent and irreconcilable with the general verdict for the defendant, and the trial court, in conformity with Section 11420-18, General Code, properly granted plaintiff’s motion for a judgment notwithstanding the verdict.
 

 Under the evidence presented at the trial, the answer to the interrogatory could be interpreted only to mean that the extraordinary strain and excitement to which McNees was subjected in the performance of the duties of his employment by reason of the heavy fog and other trying conditions existing at the time was directly responsible for the seizure which killed him.
 

 Section 1465-68, General Code, as amended, provides in part: “The term ‘injury’ as used in this section and in the Workmen’s Compensation Act shall include
 
 any injury
 
 received in the course of, and arising out of, the injured employee’s employment.” (Emphasis mine.)
 

 A heart attack, paralysis or similar afflictions resulting from mental strain or excitement caused by an event occurring in the course of the employment is regarded as an accidental injury arising out of the employment.
 
 Hoage
 
 v.
 
 Royal Indemnity Co.
 
 (C. A., D. C.), 90 F. (2d), 387;
 
 Van Ness
 
 v.
 
 Borough of Haledon,
 
 136 N. J. L., 623, 56 A. (2d), 888; 58 Am. Jur., 757, Section 255, and cases cited in the notes.
 

 In the New Jersey case cited just above, decided by the Court of Errors and Appeals, it was stated near the close of the opinion:
 

 “The immediate cause of the officer's death was a coronary occlusion induced by emotional and nervous
 
 *287
 
 strain attending the performance of his duty, and thus his demise was the result of an accident which arose out of and in the course of his employment.”
 

 In my opinion, upon the record, plaintiff is entitled to an award of death benefits within the design and intendment of the Ohio Workmen’s Compensation Act and the lower courts were correct in so determining.